# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

---

EDWARD C. SUFFERN, Respondent, *v.* KAUFMAN MANDELL and Another, Appellants.

First Department, February 20, 1925.

Contracts — construction — plaintiff agreed to conduct his business as unit of defendants' business in special department — plaintiff was to receive percentage of profits — contract executed by plaintiff with third person was broken by third person after plaintiff entered defendants' business — defendants carried out contract with said third person but action for breach was prosecuted in name of plaintiff's assignor through defendants' attorney — judgment obtained after termination of contract between plaintiff and defendants is payable to defendants.

In an action on a contract entered into between the plaintiff and the defendants whereby the plaintiff agreed to conduct its business as a unit of the business of the defendants, the latter to create a special department for the taking over of plaintiff's business, which department plaintiff was to manage and conduct, in which it appeared that the plaintiff was to receive one-half of the net profits of his department, but was not to contribute to any loss, except to the extent that any loss might be offset by a net profit thereafter accruing, the defendants are entitled to the amount of a judgment recovered in an action by plaintiff's assignor for the breach of a contract entered into by the plaintiff's assignor shortly before the contract was made between the plaintiff and the defendants, since it appears that said contract which was for the sale to the plaintiff's assignor of certain merchandise was broken by the seller a short time before the contract between the plaintiff and the defendants was entered into, but that the defendants took over said contract and paid for the merchandise which was subsequently sold at a loss; that thereafter an action was instituted in the name of the plaintiff's assignor by the attorney for the defendants herein to recover damages for the breach of said contract of sale and was successfully prosecuted to judgment.

The contention by the plaintiff that upon the termination of the contract between him and the defendants he was entitled to receive all unfinished business of his

special department, including the cause of action in question, and the judgment resulting therefrom, cannot be sustained.

Plaintiff is not entitled to an assignment of the claim in question under a provision in the contract that upon its termination the defendants would reassign to the plaintiff any contracts offered or options belonging to said special department, for that provision must be construed to mean that there was to be a retransfer of such contracts and orders as were unexecuted and does not apply to the claim in question.

The fact that statements of account have from time to time been rendered by the defendants in no way prejudices their rights under the contract, for such statements were subject to readjustment on a final accounting according to the facts.

APPEAL by the defendants, Kaufman Mandell and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of June, 1924, upon the verdict of a jury rendered by direction of the court after a trial at the New York Trial Term before the court, under a stipulation that the action be tried without a jury and that a verdict be rendered with the same force and effect as though a jury were present.

*Aaron William Levy,* for the appellants.

*Chauncey E. Treadwell,* for the respondent.

FINCH, J.:

The parties respectively were engaged in the export business. On February 11, 1919, they entered into an agreement whereby it was provided in effect that the plaintiff would conduct his business as a unit of the business of the defendants, the latter to create a special department for the taking over of plaintiff's business, which department the latter was to manage and conduct. Defendants were to furnish the necessary capital, and plaintiff was to receive one-half of the net profits of the said department, but not to contribute to any loss, except to the extent that any loss might be offset by a net profit thereafter accruing.

In December, 1918, the Suffern Company, Inc., entered into a contract with the Craemer Nail and Supply Company for the sale to the former of certain merchandise. There was a breach of said contract of sale by the Craemer Company and a few days after said breach by the Craemer Company the contract between the plaintiff and defendants was entered into, prior to which time the plaintiff had by assignment succeeded to the rights of the Suffern Company, Inc., in the aforesaid Craemer contract.

Apparently the merchandise which the Craemer Nail and Supply Company had sold to the Suffern Company, Inc., had been resold by the latter for shipment abroad from New York on or before January

thirty-first, and by reason of the failure of the Craemer Nail and Supply Company to deliver on time the aforesaid resale was lost and the merchandise was finally sold at a loss of $1,163.98, which was charged against the special department. It is stipulated that " the purchase from Craemer Nail & Supply Company was entered under date of the bill covering same January 23, 1919, in the sum of $4,260.82. There was a thirty day date draft drawn to cover which was paid by K. Mandell & Company, February 24, 1919, to the Equitable Trust Company."

While the contract between the parties was in force, an action was commenced against the Craemer Nail and Supply Company for damages and for loss of profits in connection with the aforesaid breach of contract. This action was commenced in the name of the Suffern Company, Inc., by one Aaron William Levy, as attorney (who was the general attorney for the defendants), under a retainer of the plaintiff in which Levy states he is to prosecute the action in plaintiff's behalf. On May 1, 1921, the contract between plaintiff and defendants hereto was terminated. Subsequently a judgment was recovered against the Craemer Nail and Supply Company, which was affirmed on appeal, and in April, 1923, was satisfied by the payment of $2,037.07 to said Levy as attorney.

Plaintiff has demanded of said Levy the proceeds of the judgment, which, on defendants' demand, Levy has refused to pay over, but has deposited the same in a trust company to await the outcome of this submission.

From a reading of the entire agreement between the parties, it is clear that the intention was to include in the transfer to the defendants plaintiff's rights in the contract with the Craemer Nail and Supply Company. The order or contract out of which the. claim arose passed through the special department of defendants' business, the defendants paid for the merchandise received, and the loss sustained in connection with the transaction was charged against the said special department.

As the defendants paid over to the Craemer Nail and Supply Company $4,260.82 under this contract, it would be doing violence to the plain intent of the parties to hold that the agreement between them did not include this contract with the Craemer Nail and Supply Company. The words of the contract between the plaintiff and defendants, in this regard, are as follows: " The party of the second part [plaintiff] hereby agrees to assign and transfer to the parties of the first part [defendants] all his right, title and interest in and to all contracts, agreements, options and orders which he now owns and holds."

In other words, to hold that this explicit language of the contract

with the Craemer Nail and Supply Company, because there was some question as to whether the same had been breached by a failure to deliver the merchandise on or before the thirty-first day of January, and hence might not be called a contract but only a claim for damages, is negatived by the fact that the parties so far treated it as an existing contract that the defendants actually paid out said sum of over $4,000 after the business arrangement had been entered into between the parties to this controversy.

There does not, in fact, seem to be serious dispute between the parties as to this fact. The real issue seems to be based on the respondent's contention that " the proper construction of the contracts between plaintiff and defendants is that upon termination of plaintiff's employment his entire unfinished business as well as the framework of the business is thereby returned to him intact and this includes the Craemer litigation." This contention, however, is not well founded, because obviously until pending litigation concerning executed transactions within said special department, is determined, it is impossible to adjust the accounts between the parties, and until such adjustment, the defendants under the contract are entitled to receive the proceeds of claims incidental to the business of the special department.

The plaintiff contends further that he is entitled in any event to an assignment of the claim, and hence to the proceeds thereof, under the following provision of the contract between the parties: " It is further mutually understood and agreed that upon the termination of this contract, the parties of the first part will reassign and transfer to the party of the second part, without recourse against them, however, any contracts, orders or options which have been delivered to the parties of the first part in accordance with the terms of this agreement, and any unfilled orders, contracts or options belonging to the said special department, and all lists of customers and agents, and the correspondence of such department, with the right to continue the said business for his sole use and benefit and to employ the name of Suffern Trading Company in connection therewith."

It seems clear, however, that the only reasonable construction of this provision is that there was to be a retransfer of such contracts and orders as were unexecuted. The claim in question having arisen in connection with goods sold and delivered through the special department, the defendants under the provision of the contract first quoted became entitled to receive the proceeds of said claim just as they (concededly) are entitled to receive payment for goods sold and delivered by said department during the contract period.

The fact that statements of account have from time to time been rendered by the defendants in no way prejudices their rights under the contract. Said statements showed the condition of accounts as then existing, subject, of course, to adjustment at the final accounting. For instance, in the submission it is stipulated that in the 1920 statement of account a portion of the profits mentioned is accrued profit and not actually paid. It also is conceded that in the 1922 statement of account plaintiff was erroneously charged with the entire amount of 1921 cash loss, whereas he should be charged with only fifty per cent thereof. In so far as the Craemer contract is concerned, this was entered in the accounts as a loss to the department, whereas the loss has been indemnified by the judgment recovered. It is no less reasonable and fair to the parties to require a proper adjustment with reference to this item on the final accounting, than of the error in charging against the plaintiff the entire loss of 1921.

It follows that the judgment should be reversed, with costs, and judgment awarded in favor of the appellants for the sum of $1,332.70, being the net amount of the aforesaid judgment, with the direction that the appellants be entitled to receive said sum from the Manufacturers Trust Company upon presentation of a certified copy of the judgment, out of the fund deposited by Aaron William Levy, with such interest as may have accrued thereon.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment reversed, with costs, and judgment directed for defendants as indicated in opinion. Settle order on notice.